## JENNESS & ux. *vs.* ROBINSON & ux. & a.

On an application to the judge of probate, by an executor or administrator, for license to sell real estate, for the payment of the debts, it is not necessary that all the heirs or devisees, or their guardians, should give bond for the payment, in order to justify the judge in dismissing the application. If some of them give bond, with sufficient sureties, it is a compliance with the statute.

Where one having title to land, has mortgaged the same; and another, having some interest in the land, which might be defeated by the mortgage, has paid the money due upon it, to save his interest; the latter has the right to be substituted in the place of the mortgagee, and to hold the land as if the mortgage subsisted in himself, until others interested in the redemption redeem their several shares or interests, by the payment of a contribution.

Where some of the heirs, who held a mortgage upon the real estate of the intestate to secure a debt due from him, in order to prevent a sale of the land, gave a bond for the payment of the debts, and thereby discharged the mortgage as a security for the entire debt—*Held* that they were entitled to hold the land against the other heirs, respectively, as if the mortgage subsisted, until they contributed their several shares towards the redemption.

PETITION FOR PARTITION of certain tracts of land in Brentwood.

The case was submitted to the court upon a statement of facts.

Stephen Leavitt, on the third of September, 1822, was seized in fee of the land described in the petition, and on that day mortgaged the same, (with other land) to the trustees of Phillips Exeter Academy, to secure the payment of

his promissory note. On the 25th of December, 1825, he married Lois Leavitt, and died September 28th, 1830, leaving said Lois Leavitt, his widow, and Deborah Robinson, wife of Jeremiah Robinson, Stephen Leavitt and Mary Ann Emery, his children, and Abigail T. Jenness, a grand-daughter, his heirs at law.

On the 15th of December, 1830, Lois Leavitt was appointed administratrix of his estate, gave bonds, and caused an inventory of the estate to be made and returned.

On the 21st of December, 1830, the trustees of Phillips Exeter Academy made an assignment of the mortgage to said Jeremiah Robinson, with Thomas S. Robinson and David Parshley.

The estate of said Stephen was administered in the insolvent course; the note secured by the mortgage was presented by the assignees to the commissioners, and allowed; and the report of the commissioners was accepted by the judge of probate, September 14th, 1831. Other claims against said estate were also allowed.

The administratrix, on the 16th of March, 1831, made application to the judge of probate for license to sell the real estate of said deceased, for the payment of the debts; and on the 11th day of April, 1831, the application being before the judge, said Jeremiah Robinson and Stephen Leavitt, as principals, and Thomas S. Robinson and David Parshley, as sureties, for the purpose of preventing such license, executed to the judge of probate a bond, with a condition that said Jeremiah Robinson and Stephen Leavitt, as heirs of Stephen Leavitt deceased, should pay or cause to be paid all the just debts of the deceased, within nine months; which bond the judge accepted, and dismissed the petition.

On the settlement of the administratrix's account of administration, there was found in her hands a balance, from the avails of the personal estate, she having paid none of the debts.

The land described in the mortgage is of greater value than the note.

The petitioners have never advanced, or paid any thing towards the debts, and have never been called upon to pay.

*Bartlett & Tilton*, for the petitioners.

*James Bell*, for the respondents.

PARKER, C. J.    The statute of July 2, 1822, empowering the several judges of probate to grant license to executors and administrators to sell real estate, enacts, that the heirs and devisees, or their guardians, shall be notified of the application ; and if they will give bond, with sufficient sureties, for the payment of the demands, and to save harmless the executor or administrator therefrom, no license shall be granted.    *N. H. Laws* 366.

On the application of Lois Leavitt, the administratrix of the estate of Stephen Leavitt, deceased, for license to sell real estate, for the payment of the debts, the respondents, Robinson, whose wife was a daughter of the deceased, and Stephen Leavitt, a son, appeared before the judge, gave bond with sureties, and the application was dismissed.

It has been held that this operated to discharge a mortgage which Robinson and the sureties at that time held against the estate, so that they could not, after the giving of the bond, proceed to foreclose for the debt on which the mortgage was predicated.    The reasons for this opinion are fully set forth, 7 *N. H. Rep.* 73, *Robinson* vs. *Leavitt*.

The petitioner, Abigail T. Jenness, a grand-daughter of the deceased, and one of the heirs of his estate, was no party to the bond, and did not thereby take upon herself any portion of the burden of paying the debts.    This, however, we think, furnishes no sufficient objection to the validity of the proceedings in the probate court.    The provision of the statute is, that " if they," (the heirs, devisees or guardians) " will give bond, with sufficient sureties ;" but it was probably not intended that it should be necessary for all to exe-

cute the instrument. If a part of the heirs see fit to assume the burden of paying the debts, and give bond, with sufficient sureties, for that purpose, neither the creditors or the other heirs have any cause of complaint. And in many cases, where heirs might be desirous of preserving the lands from sale, all could not execute a bond, on account of minority, coverture, or other disability; and guardians might be unwilling to incur such a responsibility.

The question now is, whether the respondents, Robinson and Leavitt, who have discharged the mortgage debt, are not entitled to be substituted in the place of the mortgagees, and to hold the land against others interested in the redemption, until they contribute their rateable shares of the amount. This question was adverted to in the former case, but was not then settled. 7 *N. H. Rep.* 103.

We are all of opinion that they are thus entitled to hold against these petitioners. The principals in that bond have, so far as this case is concerned, complied with the condition of their obligation. They have paid the debts of the intestate. Among those debts was one secured by a mortgage. It is immaterial now to whom that debt was due. It has been discharged, and the estate redeemed from the incumbrance. But this was an incumbrance which affected the interest of all concerned in the estate. If it had not been removed, a foreclosure must have taken the whole land. If it had been discharged by the administratrix, it must have been by a sale of a portion at least of the land.

When the respondents, Robinson and S. Leavitt, discharged the debt, and redeemed, for the protection of their interest, as they acted without the request of the petitioners, no right of action accrued against the petitioners for contribution. The respondents had the right so to act, for the protection of their own interests; but the petitioners are not entitled to avail themselves of the redemption, and removal of the incumbrance, without paying a share of the amount. They are not required to become parties to the redemption;

Jenness *v*. Robinson.

but if they ask the benefit of it, they must take it with the burden.  It is but common justice, if they desire to hold a share of the land, that they should pay a share of the charge which existed on it ; and the mode of enforcing this payment is, by considering those, who for their own protection have redeemed the land, as substituted in the place of the mortgagees, and permitting them to hold the land as if the mortgage existed, until the petitioners pay their share.  The authorities are collected, 7 *N. H. Rep.* 99–101.

The petitioners have of course received, or may receive, their share of the personal estate, without being subjected to the payment of a share of the debts.  This advantage, which the law gives them from the transaction, furnishes no reason why they should ask for more.

It has been argued, that this petition is evidence of an election of the petitioners to claim the benefit of the redemption, and that their share may be set off, and the respondents left to an action to enforce the contribution.  But this would not be just, nor in accordance with the principle.  The respondents being substituted in the place of the mortgagees, for this purpose, are entitled to hold as if they were mortgagees in possession, until the amount charged on the share of these petitioners in the land is paid or tendered ; and as this has not been done the petition must be

*Dismissed.*