## DOE *v.* THOMPSON.

A contract to pay money on a condition, no time of payment, or of performance of the condition being mentioned, is payable, if the condition is not performed in a reasonable time.

Such contract is barred by the lapse of six years, after the expiration of a reasonable time for the payment.

An agent, to whom, as such, a contract is in terms made payable, may maintain an action upon it in his own name.

Where tenants of mortgaged property are chargeable with the costs of a suit upon the mortgage, they must pay in proportion to the value of their respective interests, of which the consideration paid by each is evidence.

THE action was founded upon the two following agreements in writing:

"19 November, 1831.

For value received, I promise William Doe to pay him twenty-five dollars, on condition that no arrangement is effected, by

which the mortgage now held by the Grafton Bank, in the *Ben Porter* homestead farm, is purchased for the benefit of those interested in said farm.

WM. C. THOMPSON."

" Whereas it is anticipated that the G. Bank may commence a suit upon the mortgage which they hold upon the *Ben Porter* homestead farm, in Newbury, in which Noah Doe and John Doe are interested; now if said suit is commenced, and in consideration of value received by me, I promise William Doe, as agent of his brothers, that I will pay one half of the bill of costs in said suit, which said Does, or any of the Does, may be obliged to pay, which is supposed will be one half of the whole of costs in said suit, making one quarter for me to pay, more or less.

November 19, 1831.          WM. C. THOMPSON."

The writ was dated September 13, 1849, and a brief statement of the statute of limitations was filed with the general issue.

*Sargent*, for the plaintiff.

*H. A. & W. J. Bellows*, for the defendant.

BELL, J. By the first contract the money was payable, if no arrangement was made in a reasonable time, and the statute began to run as soon as the plaintiff acquired a right of action. There is nothing in the nature or terms of the contract, or in the facts shown, which renders it in any way probable that the arrangement proposed could not reasonably be made within a few years from the date of the contract, and the action as to this cause is barred.

The second contract being in terms payable to an agent, he may maintain an action upon it. Paley on Agency, 361 ; Story on Agency, 403 ; *Buffum* v. *Chadwick*, 8 Mass. 103.

Where several purchasers are interested in land subject to a mortgage, they are to contribute to the payment of it, in proportion to the value of their respective interests in it, and a like rule is equitable, as to the costs of a suit on the mortgage. *Tay-*

*lor* v. *Bassett*, 3 N. H. Rep. 293 ; *Robinson* v. *Leavitt*, 7 N. H. Rep. 100 ; *Jenness* v. *Robinson*, 10 N. H. Rep. 215.

In the absence of other evidence of the value of such interests, the purchase-money paid may be reasonably deemed the fair value, and by this measure the interest of the Does appears by the case to be $\frac{17}{33}$ parts.

The phrase, " bill of costs," though equivocal, we think, is by the ordinary use of the expression to be understood taxable costs.

*Judgment for $\frac{1}{2}$ of $\frac{17}{33}$ parts of taxable costs.*